UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SAMUEL L. BUOSCIO, | ) | CASE NO. 4:10CV1538 |
| Plaintiff, | ) ) | JUDGE JOHN R. ADAMS |
| vs. | ) ) ) | |
| GEORGE P. MILLICH, JR., | ) ) | **MEMORANDUM OF OPINION AND ORDER** |
| Defendant. | ) ) ) | |

On July 12, 2010, pro se Plaintiff Samuel L. Buoscio filed this complaint against Defendant George P. Millich, Jr. For the reasons that follow, the complaint is DISMISSED pursuant to 28 U.S.C. § 1915(e).

The complaint seeks an order compelling Millich to increase Buoscio's monthly trust allowance by $1,000 per month for five months. The complaint makes clear that Buoscio has previously made this precise request to the state probate court and been unsuccessful. His appeal was then dismissed because Buoscio is a vexatious litigator and failed to seek and receive permission to file the appeal. The Ohio Supreme Court then declined to entertain Buoscio's appeal of that dismissal.

Buoscio's complaint herein is a direct challenge to the state court decision. Buoscio asserts that numerous reasons justify a determination that the state court's judgment was in error, including that the probate judge was laboring under a conflict of interest. Buoscio's claims are not cognizable in federal court.

Although pro se pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is

required to dismiss an action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted or if it lacks an arguable basis in law or fact. *See Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). Furthermore, a complaint may be dismissed sua sponte, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) and is dismissing the claim for one of the reasons set forth in the statute. *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986).

This Court does not have jurisdiction over challenges to state court decisions even if those challenges allege that the state court's action was unconstitutional. *See District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483 n.16 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16 (1923). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.* Under the Rooker-Feldman Doctrine, a party losing his case in state court is barred from seeking what in effect would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Johnson v. DeGrandy*, 512 U.S. 997, 1005-06 (1994).

The Sixth Circuit has mandated use of a two-pronged inquiry when assessing whether Rooker-Feldman bars a particular claim or cause of action. First, in order for the Rooker-Feldman doctrine to apply to a claim presented in federal district court, the issue before the court must be inextricably intertwined with the claim asserted in the state court proceeding. *Catz v. Chalker*, 142 F.3d 279, 293 (6th Cir. 1998) overruled on other grounds as stated in *Coles v. Granville*, 448 F.3d 853, 859 n.1 (6th Cir. 2006); *see Tropf v. Fidelity National Title Insurance Co.,* 289 F.3d 929, 937 (6th Cir. 2002). "Where federal relief can only be predicated upon a

conviction that the state court was wrong, it is difficult to conceive the federal proceeding as, in substance, anything other than a prohibited appeal of the state court judgment." *Catz*, 142 F.3d at 293 (citation omitted). The Rooker-Feldman doctrine applies when the party losing his case in state court files suit in federal district court seeking redress for an injury allegedly caused by the state court's decision itself. *Coles*, 448 F.3d at 857-59. Second, the Rooker-Feldman doctrine bars a district court from exercising jurisdiction where the claim is a specific grievance that the law was invalidly or unconstitutionally applied in plaintiff's particular case, rather than a general constitutional challenge to the governing state law. *Id*.; *Tropf*, 289 F.3d at 937.

Buoscio effectively seeks to use this Court as an appellate court to review the state probate court's decision. For that matter, Buoscio alleges in his complaint that he has exhausted his state remedies. In that vein, Buoscio apparently see this Court as nothing more than an extension of the appellate process. Rooker-Feldman squarely prohibits this action.

In addition, the Court notes that even if Buoscio could avoid Rooker-Feldman, his complaint would still be dismissed for several other reasons. First, this Court does not have jurisdiction to entertain the claim. Buoscio is a resident of Ohio and his suit names another Ohio resident. The suit, however, seeks well less than $10,000. Accordingly, the elements of this Court's diversity jurisdiction are not satisfied.

Finally, Buoscio has not paid the filing fee in this matter and in fact seeks an order requiring the defendant to pay the fee. Buoscio is prohibited from proceeding in forma pauperis before this Court. The Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-134, 110 Stat. 1321 (1996), which was enacted on April 26, 1996, amended the procedural rules governing a prisoner's request for the privilege of proceeding in forma pauperis. The PLRA includes a three-strikes provision that states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under [the section governing proceedings in forma pauperis ] if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g). Buoscio is subject to this rule. In this Court alone, Buoscio has had more than three actions dismissed under § 1915(e). *See Buoscio v. US Postal Authority*, Case No. 1:99CV824; *Buoscio v. Mansfield Correctional Institution*, Case No. 1:02CV1504; *Buoscio v. Richland Correctional Institution*, Case No. 1:08CV676; *Buoscio v. Oborn*, Case No. 5:10CV533. Accordingly, Buoscio is prohibited from proceeding in this matter in forma pauperis.

Plaintiff Samuel Buoscio's complaint is DISMISSED WITHOUT PREJUDICE under § 1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.


Date: July 14, 2010            */s/ John R. Adams*
                               Judge John R. Adams
                               UNITED STATES DISTRICT COURT